IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA
(CLARKSBURG DIVISION)

**JEAN F. COCHENOUR,**

    **Plaintiff,**

v.

**ROBERT E. MURRAY**
**MURRAY ENERGY CORPORATION,**
a corporation, and **CONSOLIDATION**
**COAL COMPANY**, a corporation,

    **Defendants.**

Civil Action No. 1:14-cv-164 (Keeley)
(formerly Circuit Court of Monongalia County, W. Va. Civil Action No. 14-C-681)

Electronically Filed September 26, 2014

### NOTICE OF REMOVAL

Defendants Robert E. Murray ("Murray"), Murray Energy Corporation ("Murray Energy"), and Consolidation Coal Company ("CCC"), hereby give notice of removal of the action styled *Jean F. Cochenour v. Robert E. Murray et al.*, Civil Action No. 14-C-681, pending in the Circuit Court of Monongalia County, West Virginia, to the United States District Court for the Northern District of West Virginia pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. The grounds for removal are as follows:

### Statement of Removal

1. On September 4, 2014, Plaintiff Jean F. Cochenour ("Cochenour") filed her Complaint in the Circuit Court of Monongalia County, alleging against the Defendants claims for (1) wrongful termination in violation of the public policy of the State of West Virginia, and (2) discriminatory and/or retaliatory acts and wrongful termination in violation of the West Virginia Human Rights Act, *W. Va. Code*, §§ 5-11-1 *et seq.* ("HRA").

2. This action is properly removable under 28 U.S.C. § 1441, and this Court has original jurisdiction of this case, under 28 U.S.C. § 1332(a), as amended, which provides, in pertinent part, as follows:

> (a) The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost, and is between - -
>
> (1) Citizens of different states . . . .

### Diversity of Citizenship

3. Cochenour is a citizen and resident domiciled in the Commonwealth of Pennsylvania, and is thus a "citizen" of Pennsylvania for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a). *See Complaint ¶2*.

4. Murray is a resident domiciled in the state of Ohio, and is thus a "citizen" of Ohio for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a). *See Complaint ¶3*.

5. For purposes of establishing diversity of citizenship, "a corporation shall be deemed to be a citizen of any State or foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). The phrase "'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Central West Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 102 (4th Cir. 2011).

6. Murray Energy is an Ohio corporation formed under the laws of the state of Ohio, its high level officers who direct, control, and coordinate Murray Energy's activities are located in St. Clairsville, Ohio, and it is thus a "citizen" of Ohio for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

7. CCC is a Delaware corporation formed under the laws of the state of Delaware, its high level officers who direct, control, and coordinate CCC's activities are located in St. Clairsville,

Ohio, and it is thus a "citizen" of Delaware and Ohio for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

8. There is complete diversity between Plaintiff and Defendants.

**Amount in Controversy**

9. The party seeking removal has the burden to establish that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *Braden v. Chesapeake Appalachia, LLC*, 2013 U.S. Dist. LEXIS 146038, *5 (N.D. W. Va. October 9, 2013) (citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)).

10. The Northern District of West Virginia has consistently applied the "preponderance of evidence" standard "to determine whether a defendant has met its burden of proving the amount in controversy . . ." where the plaintiff does not demand a specific damage amount in the complaint. *Id.* (citing *Mullins v. Harry's Mobile Homes*, 861 F. Supp. 22, 23 (S.D. W. Va. 1994)). The amount in controversy for purposes of diversity jurisdiction "is measured by the value of the object of the litigation." *McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 492 (S.D. W. Va. 2001) (quoting *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977)).

11. A court may consider the entire record and make an independent evaluation of whether the amount in controversy has been satisfied. *See Weddington v. Ford Motor Credit Co.*, 59 F. Supp. 2d 578, 584 (S.D. W. Va. 1999). This includes declarations and other evidentiary materials that a defendant may submit. *See*, *e.g.*, *McCoy*, 147 F. Supp. 2d at 493 ("It is appropriate to consider the affidavit under existing District precedent.") (citing *White v. J.C. Penny Life Ins. Co.*, 861 F. Supp. 25, 27 (S.D. W. Va. 1994)). A court also can consider the type and extent of the plaintiff's injuries and the possible damages recoverable, including punitive damages and, where provided by statute, attorneys' fees and costs that might be awarded. *See Jones v. Capitol One Bank (USA) N.A.*, 2009 U. S. Dist. Lexis 98807, *5-8 (S.D. W. Va. 2009).

12. Cochenour has alleged retaliatory and discriminatory termination of her employment as a coal preparation plant foreman. Though Cochenour's Complaint asserts no specific monetary amount, she seeks monetary damages including all back pay and benefits, as well as for future lost wages and benefits, which alone have a value of more than $75,000.00, exclusive of interest. At the time of her discharge on May 25, 2014, Cochenour's annual salary was $91,519.65, exclusive of benefits. *See* **Exhibit A**. Assuming Cochenour is successful, lost wages and benefits alone will easily surpass the jurisdictional amount. *See, e.g.*, Burke-*Parsons-Bowlby Corp. v. Rice,* 736 S.E.2d 338, 340 (W. Va. 2012) (affirming jury award in age discrimination case of $2,133,991.00, comprised entirely of back and front pay); *W.Va. Am. Water Co. v. Nagy*, 2011 LEXIS 183, *4-5 (W. Va. 2011) (affirming jury award in age discrimination case containing more than $1,000,000 in back and front pay).

13. Cochenour further seeks punitive damages. According to this Court, it must consider "any punitive damages which may be awarded" in evaluating the amount in controversy requirement. *Allman v. Chancellor Health Partners, Inc.*, 2009 U.S. Dist. LEXIS 57022, *5 (N.D. W. Va. March 2, 2009). Indeed, the inclusion of a claim for punitive damages is typically sufficient by itself for the amount in controversy to be met, as it "inevitably inflates a plaintiff's potential for recovery." *Bryant v. Wal-Mart*, 117 F. Supp. 2d 555, 556 (S.D. W. Va. 2000); *see also Heller v. TriEnergy, Inc.*, 2012 U.S. Dist. LEXIS 94003, *26 (N.D. W. Va. July 9, 2012). Therefore, a good faith claim for punitive damages may augment compensatory damages in determining the amount in controversy unless it can be said to a legal certainty that the plaintiff cannot recover punitive damages in the action. *Bryant,* 117 F. Supp. 2d at 556-57 (denying plaintiff's motion to remand where punitive damages were sought in the complaint, even though the plaintiff contended that only $70,000 was at stake); *see also Hutchens v. Progressive*, 211 F. Supp. 2d 788, 790-91 (S.D. W. Va. 2002) (denying plaintiff's motion to remand where punitive damages were sought in the complaint, even though the

plaintiff signed an affidavit stating that he would not seek more than $74,500). Here, Cochenour has requested punitive damages and such damages are an available form of relief. *Harless v. First National Bank in Fairmont*, 289 S.E.2d 692, 701-702 (W. Va. 1982) (punitive damages available in retaliatory discharge cases).

14. Cochenour further seeks compensatory damages for indignity, emotional distress, embarrassment and mental anguish, in addition to an award of attorneys' fees and costs as permitted by the HRA.

15. Therefore, the sum or value of this controversy exceeds $75,000.00.

**Procedural Requirements**

16. This Notice of Removal is timely, pursuant to 28 U.S.C. § 1446(b), in that the West Virginia Secretary of State accepted service of the Complaint as Murray, Murray Energy, and CCC's statutory agent for service of process effective September 10, 2014, and this Notice of Removal is being filed within thirty (30) days of that date.

17. Removal is proper to the United States District Court for the Northern District of West Virginia, Clarksburg Division, because the Circuit Court of Monongalia County, where the Complaint was filed, is located within the Northern District of West Virginia, Clarksburg Division. 28 U.S.C. § 129(a); L. R. Gen. P. 77.02.

18. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served in the state court action are attached collectively as **Exhibit B**. A certified copy of the docket sheet is attached as **Exhibit C**.

19. The defendants reserve the right to amend or supplement this Notice of Removal or to present additional arguments in support of its entitlement to remove this case.

20. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Circuit Court of Monongalia County, West Virginia. A copy of the Notice of Filing of the Notice of Removal is attached as **Exhibit D**.

WHEREFORE, Defendants hereby remove this action from the Circuit Court of Monongalia County and request that this action proceed as properly removed to this Court.

Respectfully submitted,

**ROBERT E. MURRAY,**
**MURRAY ENERGY CORPORATION, and**
**CONSOLIDATED COAL COMPANY,**

By Counsel

/s/ William E. Robinson
William E. Robinson (WV State Bar # 3139)
Dinsmore & Shohl LLP
P.O. Box 11887
900 Lee Street, East, Suite 600
Charleston, WV  25339-1887
Telephone:  (304) 357-0900
Facsimile:   (304) 357-0919
william.robinson@dinsmore.com

Jacob R. Shaffer (WV State Bar #12025)
Michael J. Moore (WV State Bar #12009)
Dinsmore & Shohl LLP
215 Don Knotts Blvd, Suite 310
Morgantown, WV 26501
Telephone:  (304) 296-1100
Facsimile:   (304) 296-6116
jacob.shaffer@dinsmore.com
michael.moore@dinsmore.com

## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF WEST VIRGINIA
## (CLARKSBURG DIVISION)

**JEAN F. COCHENOUR,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　**Civil Action No. _____**
　　　　　　　　　　　　　　　　　　　　　　　　(formerly Circuit Court of Monongalia County, W.
　　　　　　　　　　　　　　　　　　　　　　　　Va. Civil Action No. 14-C-681)

**ROBERT E. MURRAY**
**MURRAY ENERGY CORPORATION,**
**a corporation, and CONSOLIDATION**
**COAL COMPANY, a corporation,**

    **Defendants.**

## CERTIFICATE OF SERVICE

I, William E. Robinson, do hereby certify that the foregoing **Notice of Removal** was served upon all parties via the CM/ECF Court System on this the 26th day of September, 2014 to the following counsel of record:

Allan N. Karlin, Esquire
Jane E. Peak, Esquire
Allan N. Karlin & Associates
174 Chancery Row
Morgantown, WV 26505
*Counsel for Plaintiff*

                                        /s/ William E. Robinson
                                        William E. Robinson (WV State Bar #3139)