## OFFICE OF THE CIRCUIT CLERK OF MONONGALIA COUNTY



### JEAN FRIEND, CIRCUIT CLERK
**243 HIGH STREET, ROOM 110**
**MORGANTOWN WV 26505**

Telephone: 304-291-7240
Fax: 304-291-7273

**17th Judicial Circuit Court**

**20th Family**

Chief Judge Phillip D. Gaujot
Judge Russell M. Clawges, Jr.
Judge Susan B. Tucker

Judge Patricia Tolle-Hill
Judge Randal Minor

## STATE OF WEST VIRGINIA
## COUNTY OF MONONGALIA, To-wit:

I, Jean Friend, Clerk of the Circuit Court of Monongalia County, State aforesaid, do hereby certify that the record attached to this certification is a complete copy of the case styled in the matter of Cochenour v Murray, et al, Case Number 14-C-681. Given under my and the seal of said county this 22nd day of September, 2014.

**Clerk of the Circuit Court of Monongalia County**
**West Virginia, 17th Judicial Circuit Court**

## CIVIL CASE INFORMATION STATEMENT
## CIVIL CASES

In the Circuit Court, Monongalia County, West Virginia

I.    CASE STYLE:

Plaintiff(s):                                      Case # _14-C-681_

Jean F. Cochenour                                  Judge ____RUC____

vs.

Defendant(s):                    Days to
                                 Answer          Type of Service

Robert E. Murray                    30           Secretary of State
46226 National Road
Saint Clairsville, OH  43950

Murray Energy Corporation           30           Secretary of State
c/o CT Corporation System
5400 D Big Tyler Road
Charleston, WV  25313

Consolidation Coal Company          30           Secretary of State
c/o CT Corporation System
5400 D Big Tyler Road
Charleston, WV  25313

FILED

SEP  4  2014

JEAN FRIEND
CIRCUIT CLERK

PLAINTIFF:    JEAN F. CONCHENOUR

DEFENDANT: ROBERT E. MURRAY, ET AL.

CASE NUMBER:

II.    TYPE OF CASE:

| TORTS | | OTHER CIVIL | | | |
|---|---|---|---|---|---|
| [] | Asbestos | [] | Adoption | [] | Appeal from Magistrate Court |
| [] | Professional Malpractice | [] | Contract | [] | Petition for Modification of Magistrate Sentence |
| [] | Personal Injury | [] | Real Property | [] | Miscellaneous Civil |
| [] | Product Liability | [] | Mental Health | [] | Other |
| [X] | Other Tort | [] | Appeal of Administrative Agency | | |

III.    JURY DEMAND:    [X] Yes    [] No

CASE WILL BE READY FOR TRIAL BY (*MONTH/YEAR*):    09/2015

IV.    DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE?    [] YES    [X] NO
IF YES, PLEASE SPECIFY:

   []    Wheelchair accessible hearing room and other facilities
   []    Interpreter or other auxiliary aid for the hearing impaired
   []    Reader or other auxiliary aid for the visually impaired
   []    Spokesperson or other auxiliary aid for the speech impaired
   []    Other: _____

*Attorney Name:*    Jane E. Peak (WV Bar # 7213)    Representing:

Firm:    Allan N. Karlin & Associates    [X] *Plaintiff*    [] *Defendant*

*Address:*    174 Chancery Row, Morgantown, WV 26505    []*Cross-Complainant*    [] *Cross-Defendant*

*Telephone:*    (304) 296-8266    *Dated:*    09/04/14

*Signature*

[] *Pro Se*

IN THE CIRCUIT COURT FOR MONONGALIA COUNTY, WEST VIRGINIA

JEAN F. COCHENOUR,

    Plaintiff,

v.                                      Civil Action No. _14-C-681_

ROBERT E. MURRAY,
MURRAY ENERGY CORPORATION, a corporation,
and CONSOLIDATION COAL COMPANY, a corporation,

    Defendants.

## COMPLAINT

1.    Plaintiff Jean F. Cochenour brings this action against defendants Robert E. Murray, Murray Energy Corporation and Consolidation Coal Company for their wrongful termination of her employment in violation of the public policy of the State of West Virginia as evidenced by, *inter alia*: W. Va. Code § 3-9-15, which prohibits an employer from unlawfully influencing an employee's political action; Article III, Section 11 of the West Virginia Constitution, which states that "[n]o religious or political test oath shall be required as a prerequisite or qualification to vote, serve as a juror, sue, plead, appeal, or pursue any profession or employment"; and 18 U.S.C. § 594, which prohibits any person from interfering with another person's political choices. Plaintiff further brings this action against these defendants for their discriminatory and/or retaliatory acts and wrongful termination in violation of the West Virginia Human Rights Act ("WVHRA"), W. Va. Code § 5-11-1 *et seq.*, particularly those sections prohibiting discrimination on the basis of sex, and § 5-11-9(7) prohibiting threats or reprisals and prohibiting an individual from aiding and abetting another in actions that violate the WVHRA.



FILED

SEP 04 2014

JEAN FRIEND
CIRCUIT COURT

## PARTIES

2.       Plaintiff Jean F. Cochenour is, and at all times relevant has been, a resident of Pennsylvania and is a former employee of the defendants.

3.       Defendant Robert E. Murray ("Mr. Murray" or "defendant Murray" and sometimes, with defendants Murray Energy Corporation and Consolidation Coal Company, "the Murray defendants"), on information and belief, is and at all times relevant has been, a resident of Belmont County, Ohio, and is the chief executive officer of defendant Murray Energy Corporation.

4.       Defendant Murray Energy Corporation ("Murray Energy" and sometimes, with defendants Mr. Murray and Consolidation Coal Company, "the Murray defendants") is an authorized foreign corporation with its principal offices located in St. Clairsville, Belmont County, Ohio, and conducts business throughout West Virginia. It has, on information and belief, employed more than twelve (12) people in West Virginia for at least twenty (20) weeks during the current or previous calendar year. Defendant Murray Energy is, on information and belief, the parent company of defendant Consolidation Coal Company and of Ms. Cochenour's nominal employer the Marion County Coal Company.

5.       Consolidation Coal Company ("Consolidation Coal" and sometimes, with defendants Mr. Murray and Murray Energy, "the Murray defendants") is an authorized foreign corporation with its principal offices located in St. Clairsville, Belmont County, Ohio, and is, on information and belief, a subsidiary of defendant Murray Energy. Consolidation Coal conducts business throughout West Virginia. It has, on information and belief, employed more than twelve (12) people in West Virginia for at least twenty (20) weeks during the current or previous calendar year.

6.      Mr. Murray was, at all times relevant herein, acting as an agent of Murray Energy and the Consolidation Coal Company and, therefore, the defendant companies are liable for his tortious conduct including the wrongful termination of Ms. Cochenour.

## FACTS

7.      Plaintiff Jean F. Cochenour was, at all times relevant, an employee of the Murray defendants at their Marion County Coal Company mine ("Marion County mine"), formerly known as the Loveridge Mine, in Marion and Monongalia Counties, West Virginia.

8.      Ms. Cochenour was employed as a prep plant shift foreman at the Marion County mine when the Murray defendants purchased the mine in late 2013.

9.      Ms. Cochenour's duties did not change when the Murray defendants took over the mine.

10.     At all times relevant herein, Ms. Cochenour was satisfactorily performing her duties as a prep plant shift foreman.

11.     Ms. Cochenour was the only female prep plant foreman.

12.     During her employment with the Murray defendants, and even after she was fired, Ms. Cochenour received written requests from defendant Murray to contribute to certain political candidates. *See, e.g.*, Exhibit A (Murray 05/29/2014 letter to Cochenour).

13.     Defendant Murray's letters to Ms. Cochenour and, on information and belief, to other employees of the Murray defendants, included the names of specific candidates and a request from Mr. Murray that Ms. Cochenour contribute a specific amount to each candidate.

14.     Not only did Mr. Murray name candidates and specify the amount to be contributed to each candidate but he also required that the political contributions he solicited from Ms. Cochenour be returned directly to him in a self-addressed envelope that he enclosed with each

3

of his letters to her.  A copy of the self-addressed envelope used by Mr. Murray is attached as Exhibit B.

15.    Murray began sending these letters with requests for political contributions to Ms. Cochenour and other management employees shortly after the Murray defendants took over the Marion County mine and continued sending the letters approximately every month until after Ms. Cochenour's termination from employment.

16.    Ms. Cochenour did not respond to any of Mr. Murray's requests that she donate to the political candidates of Mr. Murray's choice and, in fact, threw his letters away.  Although Ms. Cochenour did not preserve the letters she received prior to her termination, she did retain the letter from Mr. Murray that she received after her termination which was typical of the earlier letters. *See* Exhibit A.

17.    The letters Ms. Cochenour received are not unique.  On information and belief, Mr. Murray expects his management employees to support his personal political choices and he communicates his expectations to them by sending them letters such as the ones Ms. Cochenour received, by reminding them of his political preferences and of the importance of supporting those preferences in management meetings, and by telling those who attend the Murray defendants' "college" for managers that the managers are expected to voluntarily contribute 1% of their salary to Mr. Murray's political action committee ("PAC").

18.    On information and belief, Mr. Murray has a long history of requiring his employees to contribute part of their salaries to his PAC.

19.    At least one manager at the Marion County mine told Ms. Cochenour and other foremen that failing to contribute as Mr. Murray requested could adversely affect their jobs.

4

20.    Mr. Murray's willingness to impose his political beliefs and choices on others is further evidenced by his policy of requiring, on information and belief, individuals and entities who wish to supply goods or services to the defendant companies to make financial contributions to support his own political views.  Failing to contribute risks the loss of business.

21.    Mr. Murray's expectation that management employees and vendors support his preferred political candidates and/or his PAC has, at all times relevant herein, been known to management at the defendants' coal mines.

22.    On information and belief, Mr. Murray was aware of and/or kept track of who among his employees and contractors made the requested political contributions.

23.    Ms. Cochenour declined to contribute to Mr. Murray's chosen political candidates.

24.    In early May 2014, on her day off, Ms. Cochenour received a call at home at about 9:30 a.m. advising her that she and other prep plant foremen were ordered to meet individually with Mr. Murray at his office in St. Clairsville, Ohio, at 11:00 a.m.

25.    Ms. Cochenour drove to St. Clairsville to meet with Mr. Murray.

26.    During this meeting Mr. Murray was rude to, screamed at and then fired Ms. Cochenour even though she had done nothing wrong in her work.

27.    Mr. Murray's alleged reason for firing Ms. Cochenour is pretextual.  Mr. Murray claimed he fired Ms. Cochenour because she allowed hourly employees to work overtime on a Saturday contrary to his directive.  However, (a) Ms. Cochenour was never told not to allow overtime work on a Saturday, (b) hourly employees were routinely scheduled for mandatory overtime on Saturdays in the prep plant, and (c) Ms. Cochenour was not even in charge of the schedule for hourly employees in the prep plant.

28.     On information and belief, the Murray defendants singled out Ms. Cochenour and two male shift foremen for termination even though the defendants knew that these foremen were not responsible for the scheduling that was the purported reason for the terminations.

29.     As Mr. Murray has done on other occasions after firing an employee in a fit of anger, one of the terminated male shift foremen was later reinstated or rehired to employment.

30.     However, Ms. Cochenour was not rehired.

31.     On information and belief, the other shift foreman, who was also not rehired, was also fired for reasons that are contrary to law.

32.     Although Ms. Cochenour was fired, several male foremen who were also called in to meet with Mr. Murray because of his alleged concern that foremen were allowing hourly employees to work overtime were not fired and, as noted above, one of the male foremen who was fired was promptly rehired by Mr. Murray.

33.     Prior to firing Ms. Cochenour, Mr. Murray was concerned that too many of his management employees were not contributing to Mr. Murray's political candidates of choice.

34.     The defendants fired Ms. Cochenour unlawfully because of an animus against her as the only female foreman at the mine and/or because of her failure to donate to the candidates of Mr. Murray's choice.

35.     By firing foremen in the unlawful manner in which he fired Ms. Cochenour, Mr. Murray knows and understands that he can and does create a concern among the remaining foremen that, if they fail to contribute to his candidates, they may also lose their jobs.

## FIRST CAUSE OF ACTION
### (Wrongful Discharge in Violation of Substantial Public Policy Against All Defendants)

36.    The actions of the Murray defendants in terminating plaintiff Cochenour's employment and/or not rehiring her were motivated in whole or in part by Ms. Cochenour's failure to acquiesce to the Murray defendants' attempts to intimidate, coerce or otherwise illegally require Ms. Cochenour to contribute to political candidates whom she did not support.

37.    Terminating plaintiff Cochenour's employment for this reason violates the substantial public policy of the State of West Virginia as articulated in federal and state election laws and in the opinions of the Supreme Court of Appeals of West Virginia. *See, e.g.*, W. Va. Code §§ 3-8-11(b) and 3-9-15, which prohibit an employer from unlawfully influencing an employee's political action; Article III, Section 11 of the West Virginia Constitution, which states that "[n]o religious or political test oath shall be required as a prerequisite or qualification to vote, serve as a juror, sue, plead, appeal, or pursue any profession or employment"; W. Va. Code § 3-8-8(c)(2)(A), which prohibits the use of PAC funds secured by threat, force, discrimination or reprisal, and the state Rules promulgated under § 3-8-8 at 146 W.V.C.S.R. § 1.1 *et seq.*; 18 U.S.C. § 594, which prohibits any person from interfering with another person's political choices; the Federal Election Campaign Act of 1971, 2 U.S.C. § 431 *et seq.*, including § 441b(3)(A); the regulations of the Federal Election Commission at 11 C.F.R. § 114; Syllabus, *Harless v. First National Bank in Fairmont*, 162 W. Va. 116, 246 S.E.2d 270 (1978) (recognizing a cause of action for employment terminations that violate substantial public policy); and Syl. Pt. 2, *Birthisel v. Tri-Cities Health Service*, 188 W. Va. 371, 424 S.E.2d 606 (1992) (discussing the sources of public policy).

38.    As a direct and proximate result of the Murray defendants' actions, plaintiff Cochenour has suffered lost wages and benefits in an amount to be proven at trial.

39.    As a direct and proximate result of the Murray defendants' actions, Ms. Cochenour is entitled to damages for indignity, emotional distress, embarrassment, and mental anguish in an amount to be determined by the jury.

40.    The Murray defendants' actions amount to gross fraud, malice, oppression, and/or involve wanton, willful, and/or reckless conduct and/or criminal indifference to civil obligations affecting the rights of others, entitling Ms. Cochenour to punitive damages in an amount to be determined by the jury.

41.    The actions of the Murray defendants were willful, malicious, vexatious and/or oppressive entitling plaintiff Cochenour to her attorney fees and costs pursuant to the decisions of the Supreme Court of Appeals of West Virginia.

### SECOND CAUSE OF ACTION
**(Sex Discrimination on Violation of the WVHRA**
**Against Defendants Murray Energy and Consolidation Coal)**

42.    Murray Energy is an employer under the WVHRA, W. Va. Code § 5-11-1 *et seq.*, specifically § 5-11-3(d).

43.    Consolidation Coal is an employer under the WVHRA, specifically § 5-11-3(d).

44.    Plaintiff Cochenour is an employee under the WVHRA.  § 5-11-3(e).

45.    Defendants' decision to terminate plaintiff's employment and/or to not rehire her was substantially motivated by her sex in violation of the WVHRA.

46.    As a direct and proximate result of the defendants' actions, plaintiff Cochenour has suffered lost wages and benefits in an amount to be proven at trial.

47.    As a direct and proximate result of the defendants' actions, plaintiff is entitled to damages for indignity, emotional distress, embarrassment, and mental anguish in an amount to be determined by the jury.

48.      Defendants' actions amount to gross fraud, malice, oppression, and/or involve wanton, willful, and/or reckless conduct and/or criminal indifference to civil obligations affecting the rights of others, entitling Ms. Cochenour to punitive damages in an amount to be determined by the jury.

49.      Defendants' actions violated the WVHRA entitling plaintiff Cochenour to her attorney fees and costs pursuant to W. Va. Code § 5-11-13.

## THIRD CAUSE OF ACTION
### (Aiding and Abetting Discrimination in Violation of the WVHRA Against Defendant Murray)

50.      Defendant Murray is a "person" as defined by the WVHRA at W. Va. Code § 5-11-3(a).

51.      Defendant Murray aided and abetted the other defendants in the discriminatory acts and omissions alleged in the Second Cause of Action, above.

52.      Defendant Murray thus violated the WVHRA, including § 5-11-9(7)(A).

53.      As a direct and proximate result of the discrimination aided and abetted by Mr. Murray, plaintiff Cochenour has suffered lost wages and benefits in an amount to be proven at trial.

54.      As a direct and proximate result of the discrimination aided and abetted by Mr. Murray, plaintiff Cochenour has suffered indignity, humiliation, embarrassment, and emotional distress in an amount to be determined by the jury.

55.      Defendant Murray's actions amount to gross fraud, malice, oppression, and/or involve wanton, willful, and/or reckless conduct and/or criminal indifference to civil obligations affecting the rights of others, entitling plaintiff Cochenour to punitive damages in an amount to be determined by the jury.

9

56.    Defendant Murray's actions violated the WVHRA entitling plaintiff Cochenour to her attorney fees and costs pursuant to W. Va. Code § 5-11-13.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court award the following damages to the plaintiff:

A.    Past lost wages, employment benefits, and other compensation;

B.    Reinstatement to her employment with full seniority and benefits or, in lieu of reinstatement, future lost wages, employment benefits and other compensation;

C.    Prejudgment interest at 7%, the prevailing rate on the date on which plaintiff's causes of action accrued, from the date on which plaintiff's causes of action accrued through to the date of judgment on the award of wages, employment benefits, and other compensation lost to her;

D.    Reasonable attorney fees and costs pursuant to West Virginia Code as set forth above; and

E.    Such other and further relief as may appear just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues triable to a jury.

> Jean F. Cochenour,
> PLAINTIFF,
> BY COUNSEL.

ALLAN N. KARLIN (WV BAR # 1953)
JANE E. PEAK (WV BAR # 7213)
ALLAN N. KARLIN & ASSOCIATES
174 CHANCERY ROW
MORGANTOWN, WV  26505
304-296-8266

Robert E. Murray
P.O. Box 13
St. Clairsville, Ohio  43950

May 29, 2014

Jean F. Cochenour
220 Falls Ave.
Connellsville, PA  15425-1929

Dear Jean:

The coal industry and our jobs are being destroyed by President Barack Obama, his appointed bureaucrats, and his political supporters in the U. S. House and Senate. Our only hope to stop them is by electing friends of coal and our families and by wresting control of the U. S. Senate from these enemies of coal, maintaining our current U. S. House majority, and electing strong, effective state-level leadership.

To help accomplish this, a huge fundraising event is scheduled for 6:00 p.m., CDT, on Monday, June 16, 2014, at The Foundation Center, Southeastern Illinois College, in Harrisburg, Illinois.  Our important guests will be former Senator Scott Brown of Massachusetts, now a candidate for the Senate in New Hampshire; Mr. Ed Gillespie, running for the Senate in Virginia; Mrs. Terri Lynn Land, our Senate candidate from Michigan; and Mr. Mike McFadden, running for the U. S. Senate in Minnesota.  These good people have demonstrated their support for business, coal, and our jobs.

Senator Scott Brown shocked the nation on January 19, 2010 when he won the U. S. Senate seat previously held by Ted Kennedy in the liberal Massachusetts.  He was the first Republican elected to the U.S. Senate from that state since 1972.   During that campaign Senator Brown spent an entire day with me touring our Century Mine.  He is an independent man who is my friend and a friend of coal.

Prior to his term in the United States Senate, Colonel Brown, a 35 year veteran and Judge Advocate General, served as a member of the Massachusetts House of Representatives (1998–2004) and then in the State Senate (2004–2010).  Senator Brown has had a residence in New Hampshire for 23 years, and, in April, announced that he would run there for his return to the United States Senate.  Colonel Scott, a graduate of Tufts University and the Boston College Law School, and his wife Gail have two grown daughters, who will both be married this summer.

Edward W. Gillespie is a renowned Republican political strategist who served as the 61st Chairman of the Republican National Committee, senior advisor to Governor Mitt Romney in 2012, and former Counselor to President George W. Bush.  He was a principal architect of the Contract with America, the 1994 campaign platform that won Republican control of the United States House of Representatives for the first time in forty years.

May 29, 2014
Page 2

The son of an Irish immigrant father, Ed grew up working in his parent's grocery store.  There he learned the value of hard work and his conservative principals.  He founded a premier Washington, D. C. public relations firm along with his other public contributions.  He and his wife Cathy have three grown children and reside in Virginia near Mount Vernon.

Terri Lynn Land was Michigan's 41st Secretary of State for two terms ending in 2010.  She was elected in 2002 by the largest margin in an open seat race in a generation and re-elected by historic margins.

Secretary Land worked with her father and grandfather to grow their motel business in Grandville, Michigan, where she began by cleaning rooms.  From this she learned importance of hard work, balanced budgets, and customer service, which values have served her well in the Secretary of State office and her many charitable, community service, political, and business endeavors.  These accomplishments have earned her both Honorary Doctors of Public Service and Laws degrees.  She and her husband Dan have two children and reside at the La' Grande hotel site.

Mike McFadden is an American businessperson on a leave of absence from co-CEO of Lazard Middle Market, a Minneapolis-based investment bank that he developed over twenty-years, to defeat a very bad United States Senator from Minnesota who is an enemy of coal and our jobs.  While this is his first bid for public office, he is in the lead to win this Senate seat.

Mr. McFadden, a native of Omaha, Nebraska, attended St. Thomas College in St. Paul and Georgetown University Law Center.  He is passionate about educating our youth and has coached his sons in football for over a decade.  Mike and his wife Mary Kate have a total of six children and live in Sunfish Lake.

We are requesting a $200.00 contribution from you for each of these United States Senate candidates.  Your checks should be payable to, "New Hampshire for Scott Brown", "Ed Gillespie for Senate", "Terri Lynn Land for Senate", and "McFadden for Senate".  If you cannot give the requested amount, contribute what you can and join our evening, even if you cannot give at all.

Your contributions and the enclosed forms must be returned to me at P.O. Box 13, St. Clairsville, Ohio 43950 by June 12, 2014.  Please join us at 6:00 p.m., CDT, on Monday, June 16, at The Foundation Center in Harrisburg, Illinois for this very important event for our industry and families.

Sincerely,

Bob Murray

Robert E. Murray

Enclosures

# "New Hampshire for Scott Brown"

## Monday, June 16, 2014 – 6:00 p.m., CDT
## The Foundation Center
## Harrisburg, Illinois

☐  I/We will attend the "New Hampshire for Scott Brown" dinner and need _____ reservation(s).  Enclosed is my/our contribution of $_____.

☐  I/We cannot attend the dinner but am/are contributing $_____ to ensure a successful event.

### *PLEASE COMPLETE THE FOLLOWING INFORMATION*

Name(s) _____

_____

Address _____

_____

Occupation _____

Employer _____

Home Phone (optional)_____

Email (optional)_____

### Please return this form no later than
### June 12, 2014, in the enclosed envelope.

### Make checks payable to
### "New Hampshire for Scott Brown"

### Return to: P. O. Box 13 – St. Clairsville, Ohio  43950

### Thank you

Fundraiser ID: Laura Rizzo 21840 Event Code: DC4000
Contributions or gifts to New Hampshire for Scott Brown Committee are not deductible as charitable contributions for Federal income tax purposes. Under Federal law, the maximum amount an individual may contribute is $2600 ($5,200 per couple) per election. Federal multicandidate PACs may contribute $5,200 per election. Contributions from corporations, labor unions, federal-government contractors, national banks, foreign nationals without permanent residency status (non-green card holders), and minors under the age of 18 are prohibited. This contribution is made by check or credit card from my personal funds and is not drawn on an account maintained by an incorporated entity. I am a U.S. citizen or permanent resident and this contribution will not be reimbursed by another person.
Federal law requires us to obtain and report the name, mailing address, occupation and name of employer for each individual whose contributions aggregate in excess of $200 per election cycle.
If you prefer to mail your contribution, please send to: NH for Scott Brown, P.O.Box 600, Rye, NH 03870
If you authorize a recurring contribution by credit card, your initial contribution will be charged immediately, and then your credit card will be charged on the 15th day of each succeeding month. You may cancel your recurring contribution at any time by emailing ddrummond@scottbrown.com.
PLEASE NOTE: By contributing you authorize the receipt of electronic communications from New Hampshire for Scott Brown Committee. You can opt out at any time by replying "remove" to an email you receive.
**PAID FOR BY NEW HAMPSHIRE FOR SCOTT BROWN COMMITTEE**

# "Ed Gillespie for Senate"

## Monday, June 16, 2014 – 6:00 p.m., CDT
## The Foundation Center
## Harrisburg, Illinois

☐ I/We will attend the "Ed Gillespie for Senate" dinner and need _____ reservation(s).  Enclosed is my/our contribution of $_____.

☐ I/We cannot attend the dinner but am/are contributing $_____ to ensure a successful event.

Name(s) _____

_____

Address _____

_____

Occupation _____

Employer _____

Phone (Home) _____

Email _____

### Please return this form no later than
### June 12, 2014, in the enclosed envelope.

### Make checks payable to
### "Ed Gillespie for Senate"

### Return to:  P.O. Box 13 – St. Clairsville, Ohio  43950

### Thank You

Contributions to Ed Gillespie for Senate are not tax deductible as charitable donations for federal income tax purposes. Contributions from corporations, foreign nationals (non green-card holders), labor unions and federal government contractors are prohibited. Contributions to Ed Gillespie for Senate will be used in connection with federal elections and are subject to the limits and prohibitions of federal law. Joint contributions require signatures of both spouses.

| Paid for by Ed Gillespie for Senate |
| --- |

# "Terri Lynn Land for Senate"

## Monday, June 16, 2014 – 6:00 p.m., CDT
## The Foundation Center
## Harrisburg, Illinois

☐ I/We will attend the "Terri Lynn Land for Senate" dinner and need _____ reservation(s). Enclosed is my/our contribution of $_____.

☐ I/We cannot attend the dinner but am/are contributing $_____ to ensure a successful event.

Name(s) _____

_____

Address _____

_____

Occupation _____

Employer _____

Phone (Home) _____

Email _____

### Please return this form no later than
### June 12, 2014, in the enclosed envelope.

### Make checks payable to
### "Terri Lynn Land for Senate"

### Return to:  P.O. Box 13 – St. Clairsville, Ohio  43950

### Thank You

The maximum amount individuals may contribute is $5,200 ($2,600 per election). Federal multi-candidate PACs may contribute $10,000 ($5,000 per election). Contributions are not tax deductible as charitable contributions for federal income tax purposes. Contributions by corporations, foreign nationals (non-green card holders), labor unions, and federal government contractors are prohibited.

Paid for by Terri Lynn Land for Senate

# "McFadden for Senate"

## Monday, June 16, 2014 – 6:00 p.m., CDT
## The Foundation Center
## Harrisburg, Illinois

☐ I/We will attend the "McFadden for Senate" dinner and need _____ reservation(s).  Enclosed is my/our contribution of $_____.

☐ I/We cannot attend the dinner but am/are contributing $_____ to ensure a successful event.

Name(s) _____

_____

Address _____

_____

Occupation _____

Employer _____

Phone (Home) _____

Email _____

### Please return this form no later than
### June 12, 2014, in the enclosed envelope.

### Make checks payable to
### "McFadden for Senate"

### Return to:  P.O. Box 13 – St. Clairsville, Ohio  43950

### Thank You

*Contributions to McFadden for Senate are not deductible for federal income tax purposes.  The maximum an individual may contribute is $5,200 and the maximum a couple may contribute is $10,400 (split between the primary and general).  Contributions from corporations, foreign nationals, and federal government contractors are prohibited by law.*

Paid for by McFadden for Senate

PRESORTED
FIRST-CLASS

US POSTAGE $00.46⁰

MAY 29 2014
ZIP  43953
0001 10523331

Return Service
Requested

DACKSMP 15425

Robert E. Murray
P.O. Box 13
St. Clairsville, Ohio 43950

PLACE
STAMP
HERE

ROBERT E. MURRAY
PO BOX 13
SAINT CLAIRSVILLE OH 43950-0013

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Natalie E. Tennant**
Secretary Of State
State Of West Virginia
**Phone:** 304-558-6000
866-767-8683
**Visit us online:**
www.wvsos.com

Jean Friend
Monongalia County Courthouse
243 High Street
Morgantown, WV 26505-5427

**Control Number:** 34820        **Agent:** C. T. Corporation System
**Defendant:** CONSOLIDATION COAL COMPANY        **County:** Monongalia
5400D BIG TYLER RD
CHARLESTON, WV 25313-1103 US        **Civil Action:** 14-C-681
**Certified Number:** 92148901125134100000373145
**Service Date:** 9/10/2014

I am enclosing:

       **1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted
service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of
process in the name and on behalf of your corporation as your attorney-in-fact. Please address any questions about this
document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Natalie E Tennant*

Natalie E. Tennant
Secretary of State

FILED

SEP 12 2014

JEAN FRIEND
CIRCUIT COURT

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Natalie E. Tennant**
Secretary Of State
State Of West Virginia
**Phone:**  304-558-6000
866-767-8683
**Visit us online:**
www.wvsos.com

Jean Friend
Monongalia County Courthouse
243 High Street
Morgantown, WV 26505-5427

**Control Number:** 34819

**Defendant:** MURRAY ENERGY CORPORATION
5400D BIG TYLER RD
CHARLESTON, WV 25313-1103 US

**Agent:** C. T. Corporation System

**County:** Monongalia

**Civil Action:** 14-C-681

**Certified Number:** 92148901125134100000373138

**Service Date:** 9/10/2014

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted
service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of
process  in the name and on behalf of your corporation as your attorney-in-fact.  Please address any questions about this
document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Natalie E Tennant*

Natalie E. Tennant
Secretary of State

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Natalie E. Tennant**
Secretary Of State
State Of West Virginia
**Phone:** 304-558-6000
866-767-8683
**Visit us online:**
www.wvsos.com

Jean Friend
Monongalia County Courthouse
243 High Street
Morgantown, WV 26505-5427

**Control Number:** 34818

**Defendant:** ROBERT E. MURRAY
46226 NATIONAL RD W
ST CLAIRSVLE, OH 43950-8742 US

**County:** Monongalia

**Civil Action:** 14-C-681

**Certified Number:** 92148901125134100000373121

**Service Date:** 9/10/2014

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office.***

Sincerely,

*Natalie E Tennant*

Natalie E. Tennant
Secretary of State



# SUMMONS

... IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

JEAN F. COCHENOUR

              **PLAINTIFF,**

Vs.

ROBERT E. MURRAY
46226 NATIONAL ROAD
ST. CLAIRSVILLE, OH  43950

MURRAY ENERGY CORPORATION
C/O CT CORPORATION SYSTEM
5400 D BIG TYLER RD.
CHARLESTON, WV  25313

CONSOLIDATION COAL COMPANY
C/O CT CORPORATION SYSTEM
5400 D BIG TYLER RD.
CHARLESTON, WV  25313

              **DEFENDANT(S)**

**Civil Action  14-C-681**

ACCEPTED FOR
SERVICE OF PROC.
2014 SEP 10  AM 10: 25
SECRETARY OF STATE
STATE OF WEST VIRGINIA

TO THE ABOVE NAMED DEFENDANTS:

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon **Allan N. Karlin, Esq.,** Plaintiff's Attorney whose address is **274 Chancery Row, Morgantown, WV 26505**, an answer, including any related counter-claim you may have to the complaint filed against you in the above style civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within **30 days** after service of this summons upon you, exclusive of the date of service.

       If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above style civil action.

DATED:  September 4, 2014

                            **Jean Friend, Circuit Clerk**

                         By _____
                                  Deputy

FOR
RETURN !

Civil Action Number          14-C-681
Package Identification Code   9214890112513410000373145
Signature Downloaded          9/15/2014 6:06:13 AM
Defendant Name                CONSOLIDATION COAL COMPANY

Date Produced: 09/15/2014

WEST VIRGINIA SECRETARY OF STATE:

The following is the delivery information for Certified Mail™/RRE item number 9214 8901 1251 3410 0000 3731 45. Our records indicate that this item was delivered on 09/12/2014 at 11:55 a.m. in CHARLESTON, WV 25313. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number: 37314

Civil Action Number            14-C-681

Package Identification Code     92148901125134100000373138

Signature Downloaded            9/15/2014 6:06:13 AM

Defendant Name                  MURRAY ENERGY CORPORATION

Date Produced: 09/15/2014

WEST VIRGINIA SECRETARY OF STATE:

The following is the delivery Information for Certified Mail™/RRE item number 9214 8901 1251 3410 0000 3731 38. Our records indicate that this item was delivered on 09/12/2014 at 11:55 a.m. in CHARLESTON, WV 25313. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number: 37313