IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JEAN F. COCHENOUR

    Plaintiff,

v.                                                                                                  CASE NO: 1:14-cv-00164

ROBERT E. MURRAY and
THE MARION COUNTY COAL COMPANY

    Defendants.

### PLAINTIFF'S APPEAL OF THE MAGISTRATE JUDGE DECISION GRANTING A PROTECTIVE ORDER IN THIS CASE

**I.**    **INTRODUCTION AND STATEMENT OF OBJECTIONS**

Comes now the plaintiff, by counsel, pursuant to Rule 72 of the Federal Rules of Civil Procedure, and appeals the Magistrate Judge's decision on the Plaintiff's Motion for Protective Order ("Motion") (Doc. 44). Plaintiff requests that this Court modify the Protective Order ("Order") (Doc. 50) entered by the Magistrate Judge so that it includes the provisions requested by the plaintiff in her Motion for Protective Order. Plaintiff objects to the Order because the magistrate judge provided no explanation as to why he rejected the language in the protective order proposed by the plaintiff or why he did so without addressing any of the issues raised by plaintiff's Motion.

The controversy at issue between the parties involves whether counsel for the plaintiff can show a potential witness a document designated by defendants as confidential if that witness personally prepared the document or was given a copy of the document in the course of his or her employment with the defendant. The purpose of a protective order is to ensure that confidential information is not disclosed to third parties. However, there is no reason not to share that information with individuals who either created or received the relevant documents as said individuals already know the contents of the document. Defendants,

however, insist that plaintiff's counsel must schedule a deposition before discussing a document with a witness in the case even if that witness wrote the document or received the document in the normal course of his or her employment with the defendants. There is no reason to impose such a requirement and many reasons not to impose one.

## II.     THE LANGUAGE REQUESTED BY THE PLAINTIFF

Before discussing the policies behind plaintiff's request, it is important to note that the plaintiff's proposed Protective Order (Doc. 44-1) included protections to protect confidentiality. First, in speaking with a potential witness who authored or received a document, counsel must comply with the general protections applicable to expert witnesses, paralegals and other counsel:

> if a party or attorney wishes to disclose any document or other material which is "CONFIDENTIAL," or the contents thereof, to any person actively engaged in working on this action (e.g., expert witness, paralegal, associate, consultant), the person making the disclosure shall do the following:
>
> > a.   Provide a copy of this Protective Order to the person to whom disclosure is made;
> > b.   Inform the person to whom disclosure is made that he or she is bound by this Protective Order;
> > c.   Require the person to whom disclosure is made to sign an acknowledgment and receipt of this Protective Order;
> > d.   Instruct the person to whom disclosure is made to return any document or other material which is marked "CONFIDENTIAL," at the conclusion of the case, including notes or memoranda made from "CONFIDENTIAL," material;
> > e.   Maintain a list of persons to whom disclosure was made and the "CONFIDENTIAL" materials which were disclosed to that person; and
> > f.   At the conclusion of the action, gather the "CONFIDENTIAL" materials, copies thereof, and related notes and memoranda, and return them to the party or attorney who originally disclosed them, with a certificate of compliance with the terms of this Protective Order.

Proposed Agreed Protective Order, Doc. 44-1, pp.2-3. In addition, in the case of a potential witness (other than an expert witness), "the witness may be shown the document, ***but shall not be provided a copy of it.***" *Id.* at 3 (emphasis added).

### III.   Argument

Plaintiff files her objections to and appeals the Order/Opinion ("Order") of the Magistrate Judge (Doc. 70) pursuant to FRCP 72(a). Plaintiff recognizes that Rule 72(a) requires that she demonstrate that the portions of the Order she wishes to appeal are "clearly erroneous" and/or "contrary to law." Plaintiff also recognizes that this standard is difficult to meet and that courts are generally hesitant to set aside the decisions of respected magistrate judges. However, the Order in this instance is unusual in that the Magistrate Judge failed to even discuss the applicable law or the reasons why he rejected the language requested by the plaintiff. Plaintiff contends that the absence or even acknowledgment of the relevant legal issue and the failure to make any findings or legal conclusions for its rejection of the plaintiff's Proposed Order renders the Magistrate Judge's decision both "clearly erroneous" and "contrary to law." Certainly, neither a magistrate judge nor a court can avoid review under Rule 72(a) by failing to make findings or otherwise explain the rationale for its ruling. If that were true, a magistrate judge could avoid review under Rule 72(a) by entering orders without explanation as occurred in this case.

Moreover, Rule 72(a) states that the Magistrate Judge must "when appropriate, issue a written order stating the decision." In this case, the only order entered was the Protective Order submitted by the defendants. The Order does not include anything "stating the decision" or explaining why the Magistrate Judge entered an Order that prohibits plaintiff's counsel from interviewing potential witnesses about documents they created or received. Thus, the Order fails to comply with Rule 72(a).

This Court's Order (Doc. 45) directs the Magistrate Judge to enter "into the record an order as to the appropriate disposition of the motions." Yet, the Order entered by the Magistrate Judge fails to address any reason for the manner in which the Magistrate Judge disposed of the Motion even though the specific issue raised by the Motion was addressed by the parties in their respective pleadings.[1]  Docs . 44 and  47.

Finally, the moving party bears the burden of showing good cause why the Protective Order should be granted.  *Ayers v. Cont'l Cas. Co.*, 240 F.R.D. 216, 221 (N.D. W. Va. 2007); *see also Smith v. Valmet, Inc.*, 2014 U.S. Dist. LEXIS 139998, 4 (N.D. W. Va. Oct. 2, 2014). ("The party moving for a protective order bears the burden of establishing good cause."). In the present case, the plaintiff did file the motion for a protective order, but the defendants requested that the order exclude language that permits the plaintiff to show a confidential document to an individual who authored or received it.  Thus, with regard to the language at issue, defendants are effectively the moving party, *i.e.*, defendants seek a protective order prohibiting plaintiff's counsel from showing a confidential document to a person who actually wrote or received it.  There is no basis for a court to conclude that the defendants have met their burden of demonstrating why a protective order prohibiting the plaintiff from showing a document to a person who wrote or received it should be granted and the Magistrate Judge neither made nor could reasonably have made such a finding.  Indeed, had such a finding been made, it would have been clearly erroneous as nothing in the defendants' response justified denying the language requested by the plaintiff.

There is no significant danger to the confidentiality process if counsel is allowed to interview a potential witness who prepared or received a document rather than requiring the interview to take place during a deposition.  Defendants may claim that allowing potential

---

[1] Also, the Order was entered the day after the defendants filed their responsive memorandum (Doc. 47) – before the time for filing a reply memorandum had expired.

witnesses to see a document that they prepared or previously received will refresh their recollection about a document they may have forgotten. However, the same is true if the potential witness reviews the document in a deposition. Thus, this is not a reason to require the plaintiff to depose every potential witness who authored or received a document in order to ask the individual questions about the document.

On the other hand, there are significant reasons not to require plaintiff's counsel to conduct a deposition of every person whom he wants to interview about a document. First, depositions are expensive and time consuming thereby increasing the cost of preparing for trial.

Second, the Federal Rules encourage limitations on the number of depositions. In this case, the Defendants' Rule 26(a)(1) Disclosures listed eighteen persons likely to have discoverable information. Fifteen of those witnesses can, according to defense counsel, only be contacted through defense counsel.[2] In recent discovery, defendants identified two additional persons, Michael G. Ruble and Teresa L. Deal, who also are likely to have discoverable knowledge and who can only be contacted through defense counsel. Thus, the rule urged by the defendants and adopted by the Magistrate Judge requires plaintiff to either forego asking potential witnesses about important documents which have been stamped confidential even though those witnesses are familiar with the documents, forego depositions of critical witnesses identified by the defendants or petition this Court for a substantial increase in the number of depositions.[3]

---

[2] Defense counsel have asserted that fifteen of the witnesses identified in their disclosures and two additional witnesses identified in their initial discovery responses may be contacted only through defense counsel.

[3] Plaintiff notes, however, that more than ten depositions will likely be necessary in this case given the number of individuals knowledgeable about the issues; the fact, as discussed *infra,* that defense counsel represents that he is counsel for most of these individuals thereby preventing plaintiff's counsel from interviewing them outside of a deposition; and the nature of the factual issues to be developed. However,

Third, a protective order is designed to protect confidentiality, not to be used as a strategy to require opposing counsel to conduct his entire investigation through depositions.[4] The confidential documents in this case are most likely to be personnel records prepared or reviewed by a witness. There is no reason to prohibit counsel from interviewing a supervisor or former supervisor about a personnel evaluation that he prepared.[5] This is not a case where the Protective Order is designed to protect the confidentiality of chemical formulas, trade secrets or the like.

Given the number of potential witnesses identified by the defendants, it is reasonable not to require the plaintiff to conduct his entire investigation through depositions.

Defendants argued that plaintiff had agreed to the Southern District Protective Order in their initial report to the Court. However, that agreement was before the defendants disclosed the number of witnesses they contend have discoverable information about the case who can only be interviewed in a deposition because they are represented by defense counsel. Given the large number of potential witnesses, it is reasonable to allow plaintiff's counsel to now request a different protective order that allows him to interview witnesses about documents outside the context of a deposition.

---

if the Protective Order entered to date is upheld, the number of necessary depositions is likely to be even greater.

[4] Plaintiff further notes that witnesses are likely to be reluctant to speak in front of representatives of Mr. Murray given their likely knowledge of the his retaliatory animus against those who oppose his interest. For example, after Ms. Cochenour filed this law suit, Mr. Murray's company, The Marion County Coal Company, brought suit against her in Ohio, a state where she neither worked nor lived, seeking damages for her alleged scheduling of hourly workers for overtime even though she was not the person responsible for scheduling hourly employees. *See The Marion County Coal Company v. Cochenour*, Case No. 2:14-cv-02323 (S.D. Ohio); *see also* First Amended Complaint in this case (Doc. 18), ¶ 50.

[5] Plaintiff is aware of the limitation on witnesses who can be contacted pursuant to Rule 4.2 of the West Virginia Rules of Professional Conduct and of the relevant case law.

## IV. Conclusion

For the foregoing reasons, plaintiff requests that the protective order entered in this case be amended to conform with the language requested by plaintiff's counsel.

PLAINTIFF,
BY COUNSEL.

/s/ *Allan N. Karlin*
ALLAN N. KARLIN
WV BAR # 1953
JANE E. PEAK
WV BAR # 7213
ALLAN N. KARLIN & ASSOCIATES
174 CHANCERY ROW
MORGANTOWN, WV  26505
304-296-8266

## CERTIFICATE OF SERVICE

I certify that on March 11, 2015, I electronically filed the foregoing "Plaintiff's Appeal of the Magistrate Judge Decision Granting a Protective Order in this Case" with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

| | |
|---|---|
| John E. Jevicky<br>Dinsmore & Shohl LLP<br>1900 Chemed Center<br>255 E. Fifth Street<br>Cincinnati, OH 45202 | William E. Robinson<br>Dinsmore & Shohl LLP<br>PO Box 11887<br>Charleston, WV 25339 |
| Michael J. Moore<br>Dinsmore & Shohl LLP<br>215 Don Knotts Blvd.<br>Suite 310<br>Morgantown, WV 26501 | Jacob R. Shaffer<br>Dinsmore & Shohl LLP<br>215 Don Knotts Blvd.<br>Suite 310<br>Morgantown, WV 26501 |

*Allan N. Karlin*
ALLAN N. KARLIN
WV BAR # 1953
ALLAN N. KARLIN & ASSOCIATES
174 CHANCERY ROW
MORGANTOWN, WV  26505
304-296-8266